NO. 07-05-0421-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

DECEMBER 5, 2006
_____

JOSEPH L. VILLARREAL, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405761; HONORABLE JIM BOB DARNELL, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

_____**MEMORANDUM OPINION**

Appellant, Joseph L. Villarreal, appeals his three convictions of injury to a child and sentences of four years incarceration in the Institutional Division of the Texas Department of Criminal Justice on each of the first two convictions and 10 years incarceration probated for 10 years for the third conviction.   We affirm.

**Background**

In 2002, T.D.'s mother was killed in an automobile accident which led to T.D. being placed in appellant's care. Because of the mother's death and the child's subsequent change in residence, Frances Alonzo, the school counselor, visited with T.D. weekly to help T.D. cope with these traumatic events. In September of 2003, Lanau Limmer, one of T.D.'s teachers, observed T.D. in an upset state and spoke with her in an attempt to learn why she was upset. Limmer learned that appellant had hit T.D. with a coat belt which left bruises on her. On October 10, 2003, the school nurse observed bruising that T.D. indicated was caused by appellant hitting her with a belt. Finally, on October 17, 2003, a second teacher noticed that T.D.'s hands were red and that she was complaining of pain. T.D. was eight years old at the time of the first two incidents and was nine years old at the time of the last incident. The teacher and T.D. spoke with Alonzo and the school nurse regarding this third incident. Based on Alonzo's ongoing involvement with T.D., information gathered during weekly sessions with T.D., and knowledge of the previous incidents, Alonzo asked T.D. for permission to examine her body for other injuries to which she consented. Upon examination of T.D., Alonzo discovered that she had bruising to her lower back, buttocks, and thighs.

Based on these three incidents, appellant was indicted and charged with three counts of injury to a child. The indictment charging the two earlier incidents also contained notice of the State's intent to seek a deadly weapon finding for the use of a belt. A jury found appellant guilty on all three counts and recommended incarceration of four years for

2

the first two counts, and 10 years probated for 10 years in the third case. Appellant appeals the affirmative findings of the use of a deadly weapon in the first two convictions alleging legally and factually insufficient evidence to support the deadly weapon findings. Additionally, appellant appeals his convictions and sentences alleging legally and factually insufficient evidence to support the convictions. We affirm.

In reviewing a claim of legal insufficiency with regard to a deadly weapon finding, we view the evidence in the light most favorable to the finding to determine whether any rational trier of fact could have found beyond a reasonable doubt that the defendant used or exhibited a deadly weapon. See Searcy v. State, 115 S.W.3d 628, 630 (Tex.App.–Waco 2003, no pet.); Nickerson v. State, 69 S.W.3d 661, 670 (Tex.App.–Waco 2002, pet. ref'd). Evidence can be legally sufficient to sustain a deadly weapon finding if the evidence demonstrates that: (1) the object meets the statutory definition of a deadly weapon; (2) the deadly weapon was used or exhibited during the transaction from which the felony conviction was obtained; and (3) other people were put in actual danger. Drichas v. State, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005).

By statute, a deadly weapon means: (A) a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury; or (B) anything that in the manner of its use or intended use is capable of causing death or serious bodily injury. TEX. PEN. CODE ANN. § 1.07(a)(17) (Vernon Supp. 2006).[1] To establish the use of a deadly weapon, the State is not required to prove the weapon used actually caused

---

[1] Further references to a section of the Penal Code will be by reference to "§ _."

death or serious bodily injury but that it was *capable* of causing death or serious bodily injury. See Brooks v. State, 900 S.W.2d 468, 472 (Tex.App.–Texarkana 1995, no pet.).

We will now review the evidence in light of the three factors in Drichas. The school nurse testified that a belt, used in a manner such as in the present case, has the potential to cause injuries to internal organs if a person is hit in the lower back area, specifically kidney damage. Thus evidence was presented that the belt met the statutory definition of a deadly weapon. As to the second factor, appellant contends that no evidence was presented to the jury to demonstrate that the belt was used as a deadly weapon during the transaction from which the conviction was obtained because each witness stated that the belt could cause death or serious bodily injury *if the belt was used with enough force*. Even with such a qualification, the witnesses testified that the belt was capable of causing serious bodily injury. Further, the jury observed the photos and heard the witnesses' testimony describing the extent, severity, and location of the bruises. Therefore, the jury has sufficient information to determine that the belt was used "during the transaction" as a deadly weapon. See Brooks, 900 S.W.2d at 472 (jury's duty is to reconcile evidentiary conflicts and its decision will be upheld if supported by credible evidence). Finally, the nurse testified that, in her opinion, appellant used the belt with sufficient force to cause severe bruising and had the potential to cause injuries to internal organs. The nurse concluded that a belt used in this manner could kill a person if the person were hit hard enough. Therefore, we conclude that the jury had sufficient evidence to make the determination that T.D. was put in actual danger. Viewing all the evidence in light most favorable to the verdict, we conclude that a rational jury could have found beyond a

reasonable doubt that the belt was capable of causing death or serious bodily injury and thus could be considered a deadly weapon. We further conclude that the jury had evidence that it could have found beyond a reasonable doubt that the defendant used or exhibited the belt as a deadly weapon. Therefore, the evidence is legally sufficient to support an affirmative deadly weapon finding.

When reviewing the factual sufficiency of the evidence supporting a deadly weapon finding, we review all the evidence in a neutral light to determine whether the affirmative finding of a deadly weapon is so weak as to be clearly wrong or manifestly unjust. See Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.Crim.App. 2003) (manifestly unjust standard applies when complaining party did not have burden of proof at trial).

In addition to the school nurse's testimony noted above, three teachers and the school counselor testified to personally observing the extent of the bruising as well as the location of the bruising. Additionally, several photographs of the bruising were admitted and available for the jury to review in making their determination. Considering all of the evidence in a neutral light, we cannot conclude that the evidence was so weak that the jury's affirmative finding as to the deadly weapon issue was clearly wrong or manifestly unjust. Therefore, we conclude that the evidence was factually sufficient to support the jury's affirmative deadly weapon finding. We overrule appellant's issue and will next consider the sufficiency of the evidence supporting the convictions.

In reviewing the legal sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have

5

found the essential elements of the offense beyond a reasonable doubt. <u>Jackson v. Virginia</u>, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560, 573 (1979); <u>Ross v. State</u>, 133 S.W.3d 618, 620 (Tex.Crim.App. 2004). The jury is the sole judge of the weight and credibility of the evidence. <u>Jackson</u>, 443 U.S. at 319.

When an appellant challenges the factual sufficiency of the evidence supporting his conviction, the reviewing court must determine whether, considering all the evidence in a neutral light, the jury was rationally justified in finding defendant guilty beyond a reasonable doubt. <u>See</u> <u>Watson v. State</u>, 2006 WL 2956272, at *8 (Tex.Crim.App. Oct. 18, 2006). In performing a factual sufficiency review, we are to give deference to the fact finder's determinations and not seek to order a new trial simply because we may disagree with the verdict. <u>See</u> <u>id</u>. As an appellate court, we are not justified in ordering a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. <u>See</u> <u>id</u>. at *10. An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that appellant claims undermines the jury's verdict. <u>Sims v. State</u>, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

As to the sufficiency of the evidence supporting the conviction, appellant's sole contention is that the State failed to negate appellant's justification defense that his use of force was disciplinary. § 9.61(a). Specifically, appellant contends that the State failed to show that (1) the force used by appellant, acting *in loco parentis,* to discipline T.D. was not reasonable and necessary; or (2) appellant could not have reasonably believed the force was reasonable and necessary to discipline T.D. However, the justification provision raised

6

by appellant does not allow the use of deadly force. See § 9.61 (a). "Deadly force" means force that is intended or known by the actor to cause, or in the manner of its use or intended use is capable of causing, death or serious bodily injury. § 9.01. Hence, if the State's evidence proves that the force, in the manner of its use or intended use, was capable of causing death or serious bodily injury, then the justification defense raised by appellant is inapplicable.

We note that the definitions for deadly force and deadly weapon contain similar language. Compare § 1.07(a)(17)(B) and § 9.01. As previously discussed in our analysis of the jury's affirmative deadly weapon finding, the evidence was legally and factually sufficient to support a finding that the belt, as used or as it was intended to be used, was capable of causing death or serious bodily injury. Therefore, the jury's affirmative deadly weapon finding can arise only if the jury also concluded that the belt, in the manner of its use or intended use, is capable of causing death or serious bodily injury. Having concluded that the evidence is sufficient to support the jury's affirmative deadly weapon finding, appellant cannot claim justification under section 9.61 for his actions because deadly force was used.

However, even if the defense of justification was available to appellant, the State was not required to specifically negate appellant's defense. The State is required to present evidence sufficient to convince a jury that appellant committed each element of the offense presented. See Saxton v. State, 804 S.W.2d 910, 913 (Tex.Crim.App. 1991) (State does not have burden of production but rather a burden of persuasion in disproving a defense). A verdict of guilty is an implicit rejection of appellant's defensive argument.

7

See Zuliani, 97 S.W.3d at 594. Therefore, assuming *arguendo* that appellant legitimately raised the justification defense that the belt's use was for disciplinary purposes, the jury's verdict demonstrates that the jury rejected appellant's claim of justification. Viewing the evidence discussed above in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt.

Furthermore, we may not order a new trial unless there is some objective basis in the record demonstrating that the great weight and preponderance of the evidence contradicts the jury's verdict. Considering the extent of bruising described by the witnesses, appellant's admission of the use of the belt on T.D. and the photographs admitted into evidence, we cannot conclude that the great weight and preponderance of the evidence contradicts the jury's verdict. See Watson, 2006 WL 2956272, at *10. We conclude that the evidence is both legally and factually sufficient to support the jury's verdict. We overrule appellant's issues of legal and factual insufficiency of the evidence to support the convictions.

Having overruled appellant's issues, we affirm.

Mackey K. Hancock
Justice

Do not publish.

8